JULIUS ROSLER, Plaintiff, *v.* GENERAL GAS AND ELECTRIC CORPORATION, Defendant, and INTERNATIONAL TRUST COMPANY, Impleaded Defendant.

City Court of New York, Bronx County, February 4, 1932.

*Charles Schwalb,* for the plaintiff.

*Francis X. Stephens, Jr.,* for the defendant General Gas and Electric Corporation.

*G. Baker Schroeder,* for the defendant International Trust Company.

DONNELLY, J. Plaintiff's action against the defendant General Gas and Electric Corporation is to recover the value of certain of its stock purchased by him from the defendant and transferred upon its books by it to one Marston without plaintiff's knowledge or consent. Pursuant to defendant's motion, an order was entered herein, impleading the defendant International Trust Company which, before the transfer of the stock to Marston by the General Gas and Electric Corporation, guaranteed as genuine the signature of the registered owner of the stock, Julius Rosler, this plaintiff.

A single question of fact was submitted to the jury: " Is the signature, Julius Rosler, on the stock certificate, plaintiff's signature? " The jury's verdict was: " We find for the plaintiff. The signature was forged."

The impleaded defendant admitted in its answer to the pleading of the defendant General Gas and Electric Corporation that it is empowered, among other things, to guarantee signatures on negotiable papers and other evidence of indebtedness, and, in particular, upon stock transfers. It denies that it guaranteed the signature of Julius Rosler upon the stock transfer on the back of the stock certificate, and it denies upon information and belief that the said certificate was thereafter presented to the General Gas and Electric Corporation for transfer upon its books in the name of Robert T. Marston, and that, relying upon the signature of Julius Rosler, the General Gas and Electric Corporation transferred the said certificate upon its books to Robert T. Marston, who appeared to be the owner and holder thereof. At the trial, and in its brief, the defendant International Trust Company raises no question as to the form of the action against it by the General Gas and Electric Corporation. If such question were raised now, it would be too late to entertain it. (*Clarkson Home* v. *Missouri, K. & T. R. Co.,* 182 N. Y. 47, 66.) At the close of the plaintiff's case, and again at the close of the whole case, it joined in the motion by the General Gas and Electric Corporation to dismiss the plaintiff's complaint against said defendant. At no stage of the trial was any motion made by counsel for the International Trust Company to dismiss the pleading against it by the defendant General Gas and Electric Corporation. The only question presented by the defendant International Trust Company

is that its guaranty upon the stock certificate involved herein runs to the signature of Robert T. Marston and not to that of the plaintiff, Julius Rosler. The uncontradicted evidence of the witness Taylor, stock transfer agent of the defendant General Gas and Electric Corporation, was that there is a prevailing custom which requires that the signature of the registered owner of the stock be guaranteed by the brokerage house, bank or trust company as a condition precedent to the transfer of the stock upon the books of the issuing corporation and that, pursuant to this custom, the General Gas and Electric Corporation had the right to and did rely upon the guaranty of the International Trust Company in making the transfer upon its books and would not have done so unless the guaranty appeared thereon. No attempt was made by the International Trust Company to deny the existence of this custom. It sought to elicit from the only witness it called, its trust officer whose name was signed to the guaranty, that in affixing his signature, he intended to guarantee the signature of Robert T. Marston only. This witness also testified that at the time he signed the guaranty he did not see the plaintiff, and that, when he guarantees a signature on behalf of the bank on a certificate such as the one in question, he would not do so unless either the record holder of the stock is present or his signature is before him for comparison. On the facts adduced at bar, the impleaded defendant is liable to the General Gas and Electric Corporation. (*Clarkson Home* v. *Missouri, K. & T. R. Co., supra*, at bottom of p. 64.) Motion by the defendant General Gas and Electric Corporation to set aside the verdict of the jury is denied, with an exception to said defendant. Motion by plaintiff for judgment against the defendant General Gas and Electric Corporation for $1,050, with interest thereon to January 13, 1932, $74, is granted with costs, with an exception to said defendant. Motion by defendant General Gas and Electric Corporation for the direction of a verdict in its favor against the defendant International Trust Company for the amount of the recovery against said defendant General Gas and Electric Corporation, $1,124, is granted, with costs, with an exception to the defendant International Trust Company. Ten days' stay and thirty days to make and serve a case allowed.